*Decisions will be entered under Rule 50.*

LAURENS COTTON MILLS, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 108098. Promulgated February 25, 1942.

*John C. Reid, Esq.*, for the petitioner.
*Charles W. Waring, Esq.*, for the respondent.

OPINION.

Van Fossan: Section 501 (a) (1) of the Revenue Act of 1936[1] limits the unjust enrichment tax to 80 percent of the taxpayer's net income for the entire taxable year from the sale of articles with respect to which the excise tax was imposed. Petitioner's entire net income for the taxable year was $17,460.40, from which respondent deducted $3,123.59, the same being income from a farm and having no relation to net income from the sale of articles with respect to which the processing tax was imposed. Petitioner contends that the resultant sum of $14,347.01 should be further reduced by deducting, as an unrelated activity, the sum of $21,253.82, the net profits from the operation of the store. If petitioner be sustained in this there will be no unjust enrichment tax due, because petitioner derived no net income from the sale of articles with respect to which the processing tax was imposed.

The facts dictate that petitioner's contention should be sustained. The store is operated not as a unit of the mill, but as an independent business. It faced keen competition in merchandise, prices, and service from several competitors. The fact that most of its patrons were mill employees does not indicate that the store was an integrated part of the mill operation. It sold for cash or credit to patrons outside the mill rolls. The mill employees were under no compulsion to buy at the company store. It survived and prospered only by successfully competing with other stores.

Respondent's principal argument respecting this phase of the case is that certain items of overhead were not accurately and separately kept, a flat charge of $1,000 per year being made to cover depreciation, light, fuel, water, etc. On the record we are convinced that $1,000 is an inadequate sum and we have accordingly fixed the sum of $3,500 as a proper charge for overhead. The fact that we have increased the amount chargeable to overhead does not require a conclusion different from that above indicated, i. e., that the operation of the store was an independent business enterprise carried on for profit, only incidentally related to the mill operation. Respondent excluded the income

---

[1] SEC. 501. TAX ON NET INCOME FROM CERTAIN SOURCES.

(a) The following taxes shall be levied, collected and paid for each taxable year (in addition to any other tax on net income), upon the net income of every person which arises from the sources specified below:

(1) A tax equal to 80 per centum of that portion of the net income from the sale of articles with respect to which a Federal excise tax was imposed on such person but not paid which is attributable to shifting to others to any extent the burden of such Federal excise tax and which does not exceed such person's net income for the entire taxable year from the sale of articles with respect to which such Federal excise tax was imposed.

from the farm in making his computations. In our opinion he should also have excluded the net income from the store.

We have found that the net income of the store amounted to $18,753.82. If this be deducted from petitioner's net income for the taxable year, it is obvious that petitioner derived no net income from the sale of articles with respect of which the processing tax was imposed and no tax is due.

*Decision will be entered for the petitioner.*